# Mobile & Montgomery Railroad Company v. Ashcraft.

*Action against Railroad Company, as Common Carrier, for Injuries to Person.*

1. *Proof of negligence.* — In an action against a railroad company, as a common carrier, to recover damages for personal injuries sustained by a passenger, by leaping from a car which, though off the track, was still in motion, being dragged along with the other cars; the want of a bell-rope, connecting the engine with the car in which the passengers were, being alleged in the complaint as one of the negligent acts contributing to the accident; a witness, who was a passenger at the time, may testify that, after the accident, while the passengers were being carried to their destination on an open freight car, and while the train was taking on freight at a wayside station, he noticed that the servants of the company, in throwing meal sacks on the car, covered up the bell-rope with them, and mentioned the fact to the conductor, — the fact itself being relevant evidence on the question of negligence, and also tending to verify the statement of the witness that the rope was too short, by showing that his attention was particularly called to it at the time.

2. *Same.* — In such action, it is competent for the plaintiff to prove that, about two weeks before the accident by which he was injured, the defendant's cars had run off the track twice during one trip. There is no better evidence of negligence than the frequency of accidents.

APPEAL from the Circuit Court of Crenshaw, on change of venue from Butler.

Tried before the Hon. P. O. HARPER.

This action was brought by John Ashcraft, against the appellant, as a common carrier, to recover damages for personal injuries sustained by the plaintiff, through the alleged negligence and carelessness of the defendant's servants, while he was being transported as a passenger on the defendant's cars between Greenville and Montgomery. At the time of the accident complained of, the plaintiff and other passengers were on a freight train, in the next to the last car, when that car ran off the track, and was dragged along with the rest of the train for several hundred yards; and while it was thus moving, after the conductor and several passengers had jumped off, the plaintiff also leaped off, and sustained serious injuries by the fall. On the first trial, the plaintiff had a verdict and judgment for four thousand dollars; but the judgment was reversed, at the instance of the defendant, and the cause remanded. See the report of the case in 48th Ala. 15–32, where the material facts, as they were developed on the trial, are all stated. On the second trial, as appears from the bill of exceptions in the present record, the plaintiff introduced one Hannon as a witness, who was a passenger on the train at the time, the plaintiff was injured, and who testified " that at a point on said defendant's road farther up than that at which plaintiff was injured, the freight train on which they were,

and which was the same they had started from Greenville on, except that the passenger car, which had run off, was left behind at the place where it had run off, stopped to take on some sacks of meal; that the passengers were then all on a flat car loaded with lumber, sitting on top of the lumber; that the sacks of meal were placed by the railroad hands on top of the lumber in the car where the passengers were; that in doing this, said sacks were thrown on the bell-rope, and covered up the end of it, which rested on the lumber; that the train was a long one, and many box cars were between said flat car and the engine; that witness called the attention of the conductor to the fact that the end of the rope was being covered up by the sacks, and the conductor thereupon had it released and tied it up to a stanchion; and that he (witness) then saw that the rope was not long enough to have reached to the passenger car before it ran off. The defendant objected to the said evidence as to the covering up of the bell-rope, and moved the court to exclude it from the jury, because it was illegal, irrelevant, and done after the accident complained of. The plaintiff's counsel insisted that the evidence was competent, as a circumstance tending to show negligence on the part of the defendant's servants on its freight trains about the time of the injuries to plaintiff, and especially their negligence on that train, and also to show that the bell-rope had not been long enough to reach to the passenger car which had run off. The court overruled the objection, and the defendant excepted. Said Hannon also testified, that on one of his trips from Greenville to Montgomery on a freight train, about two weeks before plaintiff received the injuries complained of, a portion of the train, including the passenger car, ran off the track twice before reaching Montgomery. The defendant objected to this evidence, as illegal and irrelevant; but the court overruled the objection, and allowed the evidence to go to the jury, in connection with other evidence of similar occurrences about the time of the injuries complained of, which plaintiff's attorney said he expected to introduce; to which the defendant excepted." These rulings of the court are now assigned as error.

HERBERT & BUELL, for appellant.

JUDGE & HOLTZCLAW, contra.

B. F. SAFFOLD, J. — The complaint alleged, among other things, that the absence of a bell-rope in the passenger car contributed to the injuries received by the plaintiff, as the car was dragged some distance and greatly shattered, which might have been prevented by signalling the engineer before the

[House v. Lassiter.]

plaintiff leaped off. Under this allegation, the evidence respecting the covering of the cord with the meal sacks was not objectionable. The circumstance caused the witness to ascertain that it was not long enough to reach to the passenger car. It tended to verify his statement about its shortness, by showing that his attention was particularly called to its condition. Besides, occurring so immediately after a serious accident, it was indicative of gross carelessness.

2. Instances of trains having run off the track shortly before an accident were held in this case (at the January Term, 1872) to be admissible in proof of negligence. The testimony of Hannon, that about two weeks before the accident complained of the cars had run off twice on one trip between Montgomery and Greenville, was properly admitted. There is no better evidence of carelessness or negligence than the frequency of the accidents. The judgment is affirmed.